**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **LAWRENCE D. CALLANDRET,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-08-21** |
| | § | **CRIMINAL ACTION V-05-60** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Lawrence D. Callandret's ("Petitioner") letter construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 37; *see also* Dkt. No. 38 (warning petitioner that his letter was to be construed as a motion under 28 U.S.C. § 2255).[1] In his letter, Petitioner also requested the appointment of counsel. The United States responded and moved to dismiss. Dkt. No. 48. After considering the motion, record, and relevant law, the Court finds that Petitioner's motion should be DENIED and the United States' motion to dismiss should be GRANTED.

**Background**

Petitioner pled guilty to being a felon in possession of a firearm. *See* Dkt. No. 34 at 1. He was sentenced to a total of 120 months in prison and five years of supervised release, and ordered to pay a $100 special assessment. *Id.* at 2, 3, 5. Judgment was entered on April 10, 2006. *Id.* Petitioner did not appeal. Petitioner's letter to the Court is dated June 6, 2007. Dkt. No. 37.

**Claim**

Petitioner's sole claim in his letter is that he requested that his trial counsel file an appeal,

---

[1] The citations in this Order refer to Criminal Action No. V-05-60.

and trial counsel promised to do so, but no appeal was filed.

## Statute of Limitations

The statute of limitations under 28 U.S.C. § 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). In order to timely appeal, a defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. FED. R. APP. P. 4(b).

A pro se prisoner's document is deemed filed when it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## Analysis

Because judgment was entered on April 10, 2006, Petitioner had ten days from that date to file a notice of appeal, excluding weekends. Thus, Petitioner had until April 24, 2006 to file a notice of appeal. Because no notice of appeal was filed, his judgment of conviction became final on that date. Petitioner makes no claim that section 2255(f)(2), (3), or (4) should apply to his case. Thus, applying section 2255(f)(1), Petitioner had until April 24, 2007 to file a motion under section 2255. Because the earliest Petitioner's motion can be deemed to have been filed is June 6, 2007, the date his letter was signed, Petitioner's motion is time-barred, and must be denied. Petitioner's request

2

for appointment of counsel is also denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner must obtain a certificate of appealability before he can appeal this Order dismissing his motion.  To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right.  *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998).  To make such a showing, Petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

## Conclusion

For the foregoing reasons, Petitioner's letter construed as a motion under 28 U.S.C. § 2555 is DENIED.  A Certificate of Appealability shall not issue.

It is so ORDERED.

Signed this 14th day of January, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE